# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CASSANDRA M. MENOKEN,
         Appellant,

        v.

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION,
         Agency.

DOCKET NUMBER
DC-0752-19-0297-I-1

DATE: August 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cassandra M. Menoken</u>, Esquire, Washington, D.C., pro se.

<u>Anabia Hasan</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's reliance on the Board's decision in *Martin v. U.S. Postal Service*, 123 M.S.P.R. 189 (2016), and find that any furlough appeal related to this case is moot, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant occupied an Attorney Advisor position in the excepted service. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 13, 17. Beginning sometime in the 2014-2016 timeframe, the agency permitted her to telework full time as an accommodation for a disability. IAF, Tab 3 at 11, Tab 6 at 19-21, 23. Effective September 5, 2018, however, the agency revoked the appellant's full-time telework accommodation upon determining that it was no longer effective and offered her alternative accommodations that required her to be present in the workplace for at least some of her duty time.[2] IAF, Tab 3 at 11-12, 28.

---

[2] The appellant filed a separate October 5, 2018 Board appeal alleging that the agency had constructively suspended her when it revoked her full-time telework accommodation, thereby causing her to involuntarily take leave between September 18 and October 12, 2018. IAF, Tab 3 at 10, 12. An administrative judge issued an initial

¶3   On November 23, 2018, the appellant submitted a letter from her psychologist to her supervisor. The letter stated that, although the agency had recently revoked the appellant's telework accommodation and ordered her to return to work, the appellant needed to limit her interactions with agency personnel as much as possible due to her mental and emotional health until her permanent departure from the agency could be arranged. IAF, Tab 3 at 36-37, Tab 10 at 10-11. The psychologist further indicated that he supported the appellant's plan to retire in January 2019, strongly recommended that she not return to work under any arrangement, and urged the agency to allow her to use paid and unpaid leave until her separation. *Id.* at 38. On November 26, 2018, the appellant's supervisor acknowledged his receipt of the psychologist's letter and informed the appellant that she could use available accrued sick or annual leave to cover her absences. IAF, Tab 10 at 11. He also notified her that, if she requested leave without pay (LWOP) in the agency's time and attendance system while she still had sick or annual leave available, the request would be converted to sick leave first, and then to any remaining annual leave in lieu of sick leave. *Id.* Three days later, on November 29, 2018, the agency received a retirement package from the appellant. IAF, Tab 3 at 60.

¶4   On December 12, 2018, the agency proposed the appellant's removal based on a charge of "Medical Inability to Perform the Essential Functions of [Her] Position." *Id.* at 27. The agency asserted that, based on medical documentation from the appellant's psychologist recommending that she not return to work under any arrangement, her absence from the workplace since October 5, 2018, and her failure to perform her major job duties during the past 12 months, it had determined that she could no longer perform the essential functions of her position with or without reasonable accommodation. *Id.* at 28-31. Between December 22, 2018, and January 28, 2019, many Federal employees, including

decision dismissing that appeal for lack of jurisdiction. *Id.* at 10-24. That initial decision became final when neither party filed a petition for review.

some at the agency, were affected by a furlough due to a lapse in appropriations. IAF, Tab 3 at 7, 62, 66. On February 5, 2019, the agency rescinded the proposed removal based on the appellant's January 31, 2019 retirement. *Id.* at 34.

¶5 The appellant filed a February 15, 2019 Board appeal asserting that the agency suspended her for more than 14 days, from December 24, 2018, through January 31, 2019, when it retroactively placed her in an LWOP status without her knowledge or consent. IAF, Tab 1 at 3, 5. She asserted that she did not know that she had been suspended until after the government-wide shutdown ended on January 28, 2019. *Id.* at 5. She did not request a hearing. *Id.* at 2.

¶6 The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 3 at 4. It asserted that it placed the appellant on LWOP on December 19, 2018, after she had exhausted all of her sick and annual leave, and that, pursuant to guidance issued by the Office of Personnel Management (OPM), employees furloughed on December 22, 2018, due to a lapse in funding "were not entitled to retroactive pay for furlough periods if the employee had previously (before the lapse) been scheduled to be in [a] non-pay status during the lapse in funding." *Id.*; IAF, Tab 8 at 6-7. The administrative judge ordered the appellant to show that the Board had jurisdiction over the appeal, noting that it appeared that she had voluntarily absented herself from duty. IAF, Tab 5 at 3. In her response, the appellant asserted that the agency had retroactively placed her on LWOP during the period in question without her knowledge or consent and that she had not exhausted all paid leave before the shutdown. IAF, Tab 6 at 5, 8.

¶7 The administrative judge preliminarily determined that the appellant made a nonfrivolous allegation of jurisdiction and afforded the parties an additional opportunity to submit evidence and argument on the jurisdictional issue. IAF, Tabs 7, 9. After the parties filed their responses, and based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 10. The administrative judge ultimately found that the appellant did not make a nonfrivolous allegation of jurisdiction because,

in essence, her absence from the workplace on LWOP was voluntary and she had no paid leave available to use in its place. ID at 3-9. The administrative judge relied on OPM's guidance indicating that a furloughed employee is not entitled to retroactive pay if the employee had been scheduled to be in a nonpay status during that period. ID at 9. Finally, the administrative judge observed that the appellant was not entitled to intermittent LWOP as a matter of right, which she claims would have allowed her to manage her leave to ensure that she had some leave available on certain dates. ID at 6, 9.

¶8        The appellant has filed a petition for review and a corrected petition for review, the agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1-2, 4-5.[3] The Acting Clerk of the Board has since issued an order indicating that the record needs to be further developed as to whether the appellant established jurisdiction over an appealable furlough action and whether any such furlough claim is now moot. PFR File, Tab 9 at 2-4. The Acting Clerk of the Board identified several questions to be answered on these issues and afforded the parties an opportunity to respond. *Id.* at 4-5. The appellant and the agency have filed timely responses and replies to the order. PFR File, Tabs 10-14.

---

[3] The appellant has filed a motion for leave to file an additional pleading. PFR File, Tab 7. She argues that this new pleading "simply reflects clerical and clarifying edits" to her reply to the agency's response to her petition for review. *Id.* at 4. Nevertheless, she also asserts that it contains a "minor rewording of a discussion explaining why the facts in this appeal are compelling," with additional supporting authority. *Id.* at 5. We deny the appellant's motion because she has not shown that this information is new and material or that it was unavailable before the record closed, and she has been afforded ample opportunity to present her arguments in a petition for review, a corrected petition for review, and a reply to the agency's response. PFR File, Tabs 1-2, 5; *see Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 13 (2017) (denying an appellant's motion to submit additional pleadings because, among other things, she had already been afforded ample opportunity to present her arguments on review).

**ANALYSIS**

The Board lacks jurisdiction over this appeal of an alleged constructive suspension.

¶9    As she did below, the appellant relies on *Martin* in support of her claim that the Board has jurisdiction over this appeal.  PFR File, Tab 1 at 8; IAF, Tab 6 at 7, Tab 12 at 8.  She also appears to allege that the administrative judge improperly placed the burden on her to prove jurisdiction over her appeal.  *Id.*  Although not addressed by the administrative judge in the initial decision, we find that *Martin* is distinguishable from this appeal.

¶10    In *Martin*, 123 M.S.P.R. 189, ¶ 9, the Board cited *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014), in holding that the placement of an employee in an enforced leave status for more than 14 days is an appealable suspension within the Board's jurisdiction.  Such a "nonconstructive suspension" involved the reinstatement of the appellant following a negative retirement determination by OPM and her retroactive unilateral placement by her employing agency in an LWOP status without her consent for the period during which the retirement inquiry was pending.  *Martin*, 123 M.S.P.R. 189, ¶ 9.  The Board noted that a "constructive suspension," by contrast, involved a different standard and was reserved for appeals in which an appellant alleges that leave that appeared to be voluntary was not.  *Id.*  Such appeals typically involve employee-initiated absences in which the appellant alleges that she lacked a meaningful choice and the absence was caused by the agency's improper action.  *Abbott*, 121 M.S.P.R. 294, ¶ 7.  The Board in *Martin*, 123 M.S.P.R. 189, ¶¶ 4, 9, found that the appellant's retroactive placement in an LWOP status by the agency after OPM disapproved a settlement agreement was not even ostensibly voluntary and, therefore, was an appealable "nonconstructive suspension."  Similarly, the agency in *Abbott*, 121 M.S.P.R. 294, ¶¶ 2-3, 11, placed the appellant on enforced leave against her will after finding there was no work within her medical restrictions.

The Board found that such an action was an appealable nonconstructive suspension within its jurisdiction. *Id.*, ¶ 10-11.

¶11    Here, by contrast, the appellant was not retroactively placed in an LWOP status following OPM's disapproval of a settlement agreement, nor did the agency place her on LWOP because it made a determination that there was no work within her medical restrictions.  Rather, the agency expected and ordered the appellant to report to work.  IAF, Tab 3 at 11-12, 36.  Only after the appellant provided the agency with the letter from her psychologist urging the agency to allow her to use paid and unpaid leave, i.e., LWOP, until she retired, did the agency comply with her request and place her on LWOP when her paid leave was exhausted.  Because the appellant has alleged on appeal that this leave that appeared to be voluntary was not voluntary due to improper agency actions, the administrative judge properly treated this appeal as an alleged constructive suspension and found that her absence was self-initiated and voluntary.  ID at 5-10.  Thus, despite the appellant's claim that the administrative judge improperly placed the burden on her to prove jurisdiction, that determination was correct.[4]  *See Abbott*, 121 M.S.P.R. 294, ¶ 8; 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶12    The appellant further asserts that she was not voluntarily absent from work because her psychologist indicated that she had experienced a series of "emotional assaults" at work that constituted harassment, including a notice from the agency that she would be blocked from using paid or unpaid leave unless the agency deemed the leave justified.  PFR File, Tab 1 at 8-9.  She contends the

[4] The appellant asserts on review that she had a right to due process before being forced into an LWOP status for more than 14 days and that her supervisor violated this right when he placed her on LWOP for more than 6 weeks without her knowledge. PFR File, Tab 1 at 7-8. The Board may not adjudicate an appellant's allegation of a violation of due process in the absence of jurisdiction over the underlying agency action. *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011); *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006). Here, because we agree with the administrative judge that the Board lacks jurisdiction over this appeal of an alleged constructive suspension, we need not address the appellant's due process allegation.

agency did not have a policy prohibiting the use of intermittent LWOP and that, contrary to a finding made by the administrative judge, the agency had previously approved intermittent LWOP for her in 2017. *Id.* at 9-10.

¶13    To the extent that the appellant's claim of agency harassment is grounded in her assertion that the agency improperly revoked her full-time telework accommodation, that allegation has been previously adjudicated and is not properly before the Board at this time. *See Menoken v. Equal Employment Opportunity Commission*, MSPB Docket No. DC-3443-19-0029-I-1, Initial Decision (Nov. 27, 2018); IAF, Tab 3 at 10-24. Although the appellant claims that the agency notified her that it would not approve paid or unpaid leave unless it deemed such leave justified, the agency ultimately approved such leave. The appellant has otherwise failed to show error in the administrative judge's determination that the appellant's absence from work was voluntary, the agency properly placed her on LWOP after she exhausted her paid sick and annual leave, and her appeal was not within the Board's jurisdiction. *See* ID at 3-10.

¶14    Moreover, regardless of the existence of an agency policy regarding intermittent LWOP, and regardless of whether the agency approved intermittent LWOP for the appellant in the past, the authorization of LWOP is within an agency's discretion. *Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶ 4 (2011). In cases involving medical excuses, the Board will examine the record as a whole to determine whether the agency's denial of LWOP was reasonable under the circumstances. *Id.* When an employee who is incapacitated for duty has exhausted all of his or her leave, it is not improper for an agency to deny LWOP when there is no foreseeable end to the employee's absence and the employee's absence is a burden to the agency. *Id.* Here, the agency granted the appellant's request for LWOP. Regarding its denial of intermittent LWOP, the evidence shows that there was no foreseeable end to her absence, which imposed a burden on the agency. IAF, Tab 3 at 27-32, 36-38. The appellant has not shown that the agency was required to grant her intermittent LWOP. *See* ID at 9. Rather,

authorization of LWOP is a matter of administrative discretion. IAF, Tab 12 at 52. Thus, this argument does not establish that the Board has jurisdiction over a suspension appeal.

The appellant's procedural arguments are without merit.

¶15    The appellant contends that the administrative judge should have recorded a conference call with the parties because her written summary of it was "skewed and selective" and that the appellant did not knowingly waive her right to a hearing on jurisdiction, but only waived such a right regarding the merits of her appeal because she thought that jurisdiction would not be an issue. PFR File, Tab 1 at 7-8, Tab 2 at 8. The appellant has not identified any law, rule, or regulation requiring Board administrative judges to record conference calls. In fact, administrative judges have discretion in this regard. *See Lipinski v. Department of the Army*, 35 M.S.P.R. 186, 188 (1987) (finding no requirement that verbatim records of prehearing conferences be kept as part of the official record); MSPB Judge's Handbook, ch. 9, § 5. Although the appellant contends that she did not knowingly waive her right to a hearing on jurisdiction, but only waived such a right regarding the merits of her appeal, the Board's appeal form informed the appellant that she had a right to "a hearing" before an administrative judge and that the case would be decided on the submissions of the parties if she elected not to have "a hearing." IAF, Tab 1 at 2. The form did not differentiate between jurisdictional hearings and hearings on the merits. Thus, when the appellant checked the box indicating that she did not want a hearing, there was no basis for her to believe that she was not waiving her right to all types of hearings, including a hearing on jurisdiction. The administrative judge, therefore, properly adjudicated this case based on the written record.[5]

---

[5] Although the administrative judge afforded the appellant an additional opportunity to request a hearing within 10 days of the date of the acknowledgment order, IAF, Tab 2 at 2, after notifying her that she would be entitled to one if her appeal was timely filed and within the Board's jurisdiction, the appellant did not do so. The right to a hearing

¶16    The appellant also claims that OPM's post-furlough policy, which provides that employees who were on previously approved LWOP during the lapse in appropriations would not receive pay for those hours, does not apply to her because she was not "scheduled" to be on LWOP during the furlough, but was retroactively placed on LWOP by the agency after the end of the furlough. PFR File, Tab 1 at 10; *see* IAF, Tab 3 at 62. The appellant essentially suggests that she is entitled to back pay during the furlough based on her interpretation of OPM's policy guidance, and contends that the Board should enforce that policy. An allegation that an agency failed to follow its own procedures is not, however, independently appealable to the Board. *Shifflett v. Department of the Navy*, 83 M.S.P.R. 472, 475 (1999); *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (holding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). The appellant's arguments regarding her interpretation of OPM's post-furlough policy guidance do not establish that her absence from the workplace during the period in question was involuntary and do not, therefore, establish that the Board has jurisdiction over this appeal.

Any appeal of an agency furlough action is moot.

¶17    The appellant did not allege below that she was appealing a furlough action taken by the agency. IAF, Tab 1 at 3, 5, Tab 6 at 4-8, Tab 12 at 4-8. The Board ordinarily will not consider an argument on review absent a showing that it is based on new and material evidence not previously available before the close of the record below despite the party's due diligence. *Williams v. Department of Veterans Affairs*, 74 M.S.P.R. 472, 474 (1997). The appellant has made no such showing here. Moreover, the appellant did not allege on review that she was appealing a furlough action. PFR File, Tabs 1-2. Therefore, we need not address

is waived if an appellant does not request one after being notified that such a request is necessary. *Wasserman v. Department of the Interior*, 66 M.S.P.R. 391, 393 (1995).

such an action.  *See* 5 C.F.R. § 1201.115 (providing that the Board normally will consider only issues raised in a timely filed petition or cross petition for review).

¶18    Nevertheless, the Board reserves the authority to consider any issue in an appeal before it.  5 C.F.R. § 1201.115(e).  Accordingly, the Acting Clerk of the Board ordered the parties to address whether the appellant established jurisdiction over an appealable furlough action and whether any such claim is now moot. PFR File, Tab 9.  The parties have submitted evidence indicating that the agency issued furlough notices to the appellant on or about December 26, 2018, and January 18, 2019.  PFR File, Tab 10 at 10-13.  The December 26, 2018 notice provides that, because of a sudden emergency requiring curtailment of the agency's activities, the customary 30-day notice period and opportunity to answer were suspended pursuant to 5 C.F.R. § 752.404(d)(2).  *Id.* at 10.

¶19    The appellant has not identified in her response to the Acting Clerk's order a basis for finding that any furlough appeal is not moot.  Rather, she asserts that the agency did not afford her due process during the furlough and addresses the due process issues already raised in her suspension appeal.  PFR File, Tab 11 at 4-8. Even assuming that the appellant had alleged that she was appealing a furlough action, that the Board had jurisdiction over the action, and that she could prevail on her due process claim, any such appeal would now be moot.  *See Fesler v. Department of the Interior*, 52 M.S.P.R. 660, 663 n. (1992) (finding a claim moot even assuming that the Board had jurisdiction over the alleged action).  Mootness occurs when the appellant has obtained all the relief she could have obtained had she prevailed before the Board or when it is impossible for the Board to grant further relief.  *Harlston v. Office of Personnel Management*, 109 M.S.P.R. 148, ¶ 3 (2008).  Absent entitlement to relief, the appellant lacks a legally cognizable interest in the outcome of the appeal, the Board loses jurisdiction over the appeal, and the appeal must be dismissed.  *See id.*; *Haskins v. Department of the Navy*, 106 M.S.P.R. 616, ¶ 17 (2007); *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 593 (1993).

¶20   As set forth above, the appellant's treating psychologist recommended in November 2018, before the furlough took effect, that she not return to work through the date of her anticipated January 2019 retirement due to a work environment that he determined would be "toxic" to her mental health.  IAF, Tab 3 at 37-38.  The agency received the appellant's retirement paperwork on November 29, 2018, and she retired effective January 31, 2019.  *Id.* at 34, 60.  An appellant is not entitled to back pay, including restoration of leave, for any period during which she was not ready, willing, and able to perform the duties of her position because of an incapacitating illness or injury.  *Bullock v. Department of the Air Force*, 80 M.S.P.R. 361, ¶ 13 (1998).  The appellant was not ready, willing, and able to perform the duties of her position during the furlough period because of an incapacitating illness.  Thus, she would not be entitled to any relief from the Board, and her appeal would be moot.[6]  *See Bullock*, 80 M.S.P.R. 361, ¶¶ 12-13.

---

[6] Under 31 U.S.C. § 1341(c)(1)-(2), each employee of the United States Government who is furloughed as a result of a covered lapse in appropriations beginning on or after December 22, 2018, shall be paid for the period of the lapse in appropriations at the employee's "standard rate of pay," at the earliest date possible after the lapse in appropriations ends.  Nevertheless, OPM's guidance to agencies regarding pay and benefits for employees affected by a lapse in appropriations provides that a furloughed employee is not entitled to retroactive pay for furlough periods if the employee had been previously scheduled to be in a nonpay status during those periods, and that, "[i]n effect, those already-in-place periods of nonpay status override the furlough status." *See* https://chcoc.gov/content/pay-and-benefits-employees-affected-lapse-appropriations-1 (last visited Aug. 3, 2022).  OPM noted that the "standard rate of pay" under the statute for such previously scheduled periods of nonpay status is zero.  *Id.*

The agency explained that, because the appellant had exhausted her paid sick and annual leave, she was in an LWOP status before and during the shutdown.  IAF, Tab 3 at 4.  Thus, under OPM's guidance, the agency determined that she was not entitled to retroactive pay for the furlough period.  *Id.* at 7.  We find that the appellant consented to her placement on LWOP before the furlough took effect by sending to her supervisor her psychologist's letter requesting paid and unpaid leave until the appellant retired.  IAF, Tab 3 at 36-38, Tab 10 at 11.  In any event, although an agency supervisor generally may not place an employee on sick leave, annual leave, or LWOP without her consent, an employee may be placed on LWOP if she does not have sufficient sick or annual leave to cover an absence approved for illness.  IAF, Tab 12 at 17, 20.

¶21    Accordingly, we deny the appellant's petition for review and affirm the initial decision as modified by this nonprecedential Final Order.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.